IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL ANTHONY WHITESELL, Plaintiff, v. BRUCE O. BURNHAM, Defendants. | ORDER TO AMEND DEFICIENT COMPLAINT, & MEMORANDUM DECISION<br><br>Case No. 2:13-CV-1043 DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, Michael Anthony Whitesell, a prisoner at Utah State Prison, filed this *pro se* civil rights suit.[1] Reviewing the Amended Complaint under § 1915A, the Court has determined that Plaintiff's Amended Complaint is deficient as described below.

**Deficiencies in Amended Complaint**

Amended Complaint:

(a) mentions conditions of confinements, such as cold and moldy living quarters, but does not specify whether a claim is intended to be based on these.

(b) if trying to state a claim based on cold and moldy living quarters, is possibly past the applicable statute of limitation (see below).

(c) has medical negligence and malpractice claims--state-law issues--which may not be filed as civil-rights claims.

(d) requests habeas remedies (immediate release and the vacating of his criminal conviction), which are inappropriate in this civil-rights case.

---

[1] *See* 42 U.S.C.S. § 1983 (2014).

(e)      has claims regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

(f)      is not on a proper form.

### Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[2]  Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[3]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[4]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[5]  Thus, the Court

---

[2] Fed. R. Civ. P. 8(a).

[3] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[5] *Id.* at 1110.

cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[6]

Plaintiff should consider these points when refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or supplement.[7] Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[8] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[9] Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position.[10] And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Finally, "Utah's four-year residual statute of limitations . . . governs suits brought under section 1983."[11] Plaintiff's claims accrued when "'facts that would support a cause of action are

---

[6] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[8] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[9] *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[10] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

[11] *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).

or should be apparent.'"[12]  The cold and moldy living quarters apparently occurred in

Fall of 2009, possibly more than four years before December 2, 2013, when this case was filed.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this Order to cure the deficiencies noted above.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide, with a blank-form civil-rights complaint.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

(4) Plaintiff's motion for the Court to reconsider its Order issued on December 2, 2013, is DENIED.[13]

---

[12]*Id.* at 675 (citation omitted).

[13](*See* Docket Entry # 13.)

(5) Plaintiff's second motion for appointed counsel is DENIED for the same reasons stated the first time the Court denied appointed counsel.[14] The Court will *sua sponte* continually reevaluate the need for appointed counsel, though, and may appoint counsel in the future if the Court deems necessary.

DATED this 8th day of July, 2014.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court

---

[14](*See* Docket Entry # 14.)