IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY WHITESELL,<br><br>Plaintiff,<br><br>v.<br><br>DR. BRUCE O. BURNHAM,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>Case No. 2:13-cv-1043<br><br>Judge Dale A Kimball |

Defendant moves for summary judgment based on Plaintiff's failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA). 42 U.S.C.S. § 1997e(a) (2017). The Court agrees that Plaintiff did not exhaust his administrative remedies as required to maintain this action.

**BACKGROUND**

"No action shall be brought with respect to prison conditions [under § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* In this case, to exhaust administrative remedies, by policy, the grieving inmate must go through each of three grievance levels--i.e., level-one, level-two, and level-three grievance filings--to exhaust the administrative process before seeking judicial relief. (Decl. of Casper, Doc. 36-6 at ¶ 6.) At Utah State Prison (USP), a level-one grievance must be filed "[w]ithin seven working days of an incident or seven

working days from the time the inmate knew or should have known about a grievable incident." FDr02/03.03 (Doc. 36-4, at p. 14.)

Plaintiff alleges in his Amended Complaint that he was being held at Beaver County Jail, when he suffered severe cough and chest pain. (Am. Compl., Doc. 25 at ¶ 8.) He further asserts he submitted two medical-care requests that Defendant treat him, but Defendant refused to. (Decl. of Dr. Burnham, Doc. 36-5 at ¶ 5.) However, according to Plaintiff's medical records, Plaintiff submitted only one Health Care Request (HCR) before his release. That HCR was received on February 22, 2010 and Defendant responded. Plaintiff was then complaining of flu-like symptoms for which he was treated. (Decl. of Dr. Burnham. Doc. 36-5 at ¶ 6.)

Defendant's review of Plaintiff's medical records shows that Plaintiff did not file any other medical care requests before his release on June 15, 2010. (Decl. of Dr. Burnham, Doc. 36-5 at ¶ 7; Decl. of Casper, Doc. 36-6 at ¶ 18.) Plaintiff alleges that, on August 6, 2010, almost two months after he was released, he went to Veterans Administration (VA) Hospital's emergency room, where he was diagnosed with pneumonia. (Am. Compl. at ¶¶ 11-27.) Plaintiff asserts he spent a number of days in VA Hospital. Plaintiff further states his medical issue should have been diagnosed and treated before his release from prison on June 15, 2010. According to Plaintiff's medical records, the last time Defendant saw him was February 22, 2010, nearly four months before his release. Plaintiff did not file any grievances in 2010. (Decl. of Casper, Doc. 36-6 at ¶ 19.)

On January 7, 2012, Plaintiff returned to prison and was released again on October 5, 2014. Plaintiff never filed any grievance during that time as to his complaint's allegations. Indeed, the Amended Complaint was filed while he was still in prison. (Decl. of Casper, Doc.

36-6 at ¶ 20.) Plaintiff knew or should have known if he was not feeling well before his release from prison on June 15, 2010 and therefore he had to file a grievance under USP grievance policy. Because Plaintiff never filed a grievance about his allegations, let alone within proper timeframes, he has failed to exhaust his administrative remedies. (*See* Decl. of Casper, Doc. 36-6 at ¶ 21.)

**ANALYSIS**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Here, Plaintiff admits in his complaint that he did not exhaust his claims. (Am. Compl., Doc. 25 at ¶ 38.)

The United States Supreme Court and the Tenth Circuit have held that the exhaustion requirement must be met to bring a § 1983 claim in federal court under PLRA:

> [PLRA] imposes a mandatory exhaustion requirement on inmates challenging prison conditions in federal court:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a)[.] . . . An inmate's failure to exhaust is an affirmative defense and the burden is on the defendant to prove the failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir.2007).

*Thomas v. U.S. Bureau of Prisons*, No. 07-1426, 2008 U.S. App. LEXIS 13415, at *4-5 (10th Cir. June 24) (unpublished).

Further, the United States Supreme Court has held that a prisoner must exhaust administrative remedies even when the relief sought cannot be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 734, 741 n. 6 (2001) (stressing "we will not read futility or other exceptions into [PLRA's] exhaustion requirements where Congress has provided otherwise"). "An inmate properly exhausts by completing all the steps of the prison's administrative grievance process." *Hardeman v. Sanders*, No. 10-7019, 2010 U.S. LEXIS 20467, at *5 (10th Cir. Oct. 4).

The Supreme Court has clarified that exhaustion may not be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion" refers to "'using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002)) (emphasis in original). In *Ngo*, the Supreme Court concedes "that this will prevent certain prisoner cases from proceeding, but notes that a centerpiece of the PLRA's effort to reduce the quantity of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a). Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Tung v. Hartley*, No. 1:08-CV-00457-AWI, 2012 U.S. Dist. LEXIS 30895, at *3 (E.D. Cal. Mar. 8) (dismissing deliberate indifference claims as to pneumonia for failure to exhaust).

In this case, to exhaust administrative remedies, by policy, the grieving inmate must go through each of three levels to exhaust the process and before seeking judicial relief. (Decl. of Casper, Doc. 36-6 at ¶ 6.) Here, Plaintiff did not exhaust his administrative remedies and therefore this action must be dismissed. (*Id*. at ¶ 21.)

At the USP, a level-one grievance must be filed "within seven working days of an incident or seven working days from the time the inmate knew or should have known about a grievable incident[.]" FDr02/03.03 (Doc. 36-4, at page 14.) Here, Plaintiff indicates that "Plaintiff sought informal or formal relief from the appropriate administrative officials regarding the acts complained of herein, but Plaintiff's requests and grievances *were not filed within 7 days of Plaintiff becoming aware that his rights had been violated by Defendant Burnham*." (Am. Compl., Doc. 25 at ¶ 38) (emphasis added.) Accordingly, even construing the facts in Plaintiff's favor, he failed to exhaust his administrative remedies.

Plaintiff asserts that his failure to exhaust is excused because "[h]owever, Plaintiff could not exhaust his administrative remedies because he was no longer incarcerated with the Utah Department of Corrections." (*Id*.) Plaintiff apparently maintains that he discovered his alleged injury only after his release. But, Plaintiff gives no indication as to why he couldn't have discovered that he still was not feeling well while in prison and gives no evidence or complaint of a link to any alleged misdiagnosis asserted by those at the VA Hospital. Plaintiff's VA Medical Records clearly indicate he is a heavy smoker who thought that his lung condition was being caused by mold at the USP, a condition for which Plaintiff could have filed a grievance, but did not. *See Figueroa v. Dep't of Corrs.*, No. CIV–10–760–M, 2012 U.S. Dist. LEXIS 45094, at *14 (W.D.Okla. Mar. 8) (unpublished magistrate judge R&R) (granting defendants' summary-judgment motion and rejecting plaintiff's argument she had no available administrative remedies after she was released from confinement during exhaustion process because plaintiff had waited so long to file her first grievance and, thus, "Plaintiff's inaction, not the lack of access to the Grievance Process, is the reason for her failure to exhaust administrative remedies"),

adopted, 2012 U.S. Dist. LEXIS 45102 (W.D. Okla. Mar. 30) (unpublished order), aff 'd, 501 Fed.Appx. 746 (10th Cir. 2012); *see also Hill v. Epps*, 169 Fed. Appx. 199, 200–01 (5th Cir. 2006) (unpublished) (holding prisoner's "subsequent transfer to a private prison facility does not excuse his failure to exhaust" because his "complaint concerns an eight-month period during which time he was allegedly denied sanitary living conditions and medical care," and he "was aware of the basis for his grievance during that time period but did not utilize the administrative remedies available" (cited with approval by *Figueroa,* at *14-15)).

Plaintiff did not request medical treatment for four months from the date in February 2010, when he complained of a cough and flu-like symptoms to Defendant, until his release in June 2010. Then, upon release, he did not seek medical treatment for nearly two more months. Plaintiff has given the Court no reason as to why he could not file his grievance within seven days of being allegedly "improperly" diagnosed by Defendant on February 22, 2010,[1] especially when Plaintiff contends he still did not feel well and told the VA Hospital that he was sure his condition was being caused by mold at USP.

**ORDER**

The Court concludes as a matter of law that Plaintiff did not timely exhaust his administrative remedies in the prison grievance process. IT IS THEREFORE ORDERED that

[1] Plaintiff did not seek more medical care for the four months from February 2010 until he was released. And, in February 2010, he only complained of flu-like symptoms and a cough. Disagreement with a course of treatment does not state a constitutional claim. *See Taylor v. Ortiz*, 410 Fed.Appx. 76, 79 (10th Cir.) (holding that contentions that inmate had right to particular course of treatment do not assert Eighth Amendment violation;) *Shepard v. Sullivan*, 65 F. App'x 677, 682 (10th Cir. 2003) (holding that defendant could not prove physician's assistant should or could have provided the medical procedure.) "Prison officials cannot be liable under the Eighth Amendment without awareness of the facts which demonstrate [a medical] risk." *Shepard,* at 680.

Defendant's summary-judgment motion is GRANTED. (*See* Docket Entry # 40.) Thus, this matter is dismissed with prejudice. This case is CLOSED.

DATED this 8th day of March, 2017.

BY THE COURT:

DALE A. KIMBALL
United States District Court Judge